75 P.3d 592 (2003)
118 Wash.App. 144
Yvonne SJOGREN, Appellant,
v.
PROPERTIES OF The PACIFIC NORTHWEST, LLC, a Washington corporation; and HSC Real Estate, Inc., a Washington corporation, Respondents.
No. 29003-1-II.
Court of Appeals of Washington, Division 2.
August 26, 2003.
*593 Jeffrey Paul Jacobs, Attorney at Law, Vancouver, WA, for Appellant.
Kenneth Russell Scearce, Michael Alexander Maxwell, Law Offices of Kenneth R Scearce, Seattle, WA, for Respondents.
ARMSTRONG, J.
Yvonne Sjogren appeals a summary judgment dismissal of her personal injury action against the owner of an apartment building. Sjogren was visiting her daughter, a tenant in the apartment, when she fell in a darkened stairway. The trial judge ruled that the stairs were an obvious hazard for which the landlord was not liable. We hold that issues of material fact exist as to whether the darkened stairs were an obvious danger. Moreover, the landlord may owe Sjogren a duty of care under Restatement (Second) of Torts, section 343A, which creates a duty to protect invitees even from known dangers where the landlord "should anticipate the harm despite such knowledge or obviousness." Accordingly, we reverse and remand for trial.

FACTS
Yvonne Sjogren was visiting at her daughter's apartment on Christmas Eve. The apartment is accessible only by a flight of stairs, which are lighted by an automatic timer from approximately 4:45 P.M. to 8:00 A.M.
It was dark when Sjogren left her daughter's apartment and began walking down the stairs. Sjogren's adult son was just in front of her. Sjogren had visited the apartment more than ten times before, during both day and evening hours. This time, however, the stairway lights were not working.
Sjogren had gotten halfway down the stairs when her daughter closed her apartment door. Without the light from her daughter's apartment, the stairs became "pitch dark." Clerk's Papers (CP) at 25. Sjogren proceeded down the steps slowly while holding the hand railing. She misjudged a step and landing, and fell. Sjogren caught her foot in the opening between two steps, fracturing her leg.
Sjogren sued Properties of the Pacific Northwest, LLC (Properties), the apartment owner. Properties moved for summary judgment, arguing that it was not liable for the darkened stairway because the stairs were an obvious hazard. The trial court agreed. It found the darkened stairway an "open and obvious" condition and dismissed Sjogren's claim. CP at 94.
Sjogren maintains that Properties owed her a duty of reasonable care even if the darkened stairway was an open and obvious condition, citing Restatement (Second) of Torts, section 343A(1). She also argues that Properties owed her a duty of care under the Residential Landlord-Tenant Act of 1973, chapter 59.18 RCW.

ANALYSIS
We review a summary judgment de novo. Mains Farm Homeowners Ass'n v. Worthington, *594 121 Wash.2d 810, 813, 854 P.2d 1072 (1993). We consider all facts and reasonable inferences in the light most favorable to the non-moving party. Mason v. Kenyon Zero Storage, 71 Wash.App. 5, 8-9, 856 P.2d 410 (1993). Absent a genuine issue as to any material fact, the moving party is entitled to summary judgment as a matter of law. Condor Enters., Inc. v. Boise Cascade Corp., 71 Wash.App. 48, 54, 856 P.2d 713 (1993) (citing CR 56(c)). Summary judgment is proper "only if reasonable persons could reach only one conclusion from all of the evidence." Hansen v. Friend, 118 Wash.2d 476, 485, 824 P.2d 483 (1992).
To establish a negligence claim, a plaintiff must prove four basic elements: (1) the existence of a duty, (2) breach of that duty, (3) resulting injury, and (4) proximate cause. Degel v. Majestic Mobile Manor, Inc., 129 Wash.2d 43, 48, 914 P.2d 728 (1996). The existence of a legal duty is generally a question of law. Degel, 129 Wash.2d at 48, 914 P.2d 728. But where duty depends on proof of certain facts, which may be disputed, summary judgment is inappropriate. See Charlton v. Day Island Marina, Inc., 46 Wash.App. 784, 787-88, 732 P.2d 1008 (1987).
A property owner's duty of care is defined by the status of the person who enters the property. Degel, 129 Wash.2d at 49, 914 P.2d 728. A residential tenant is an invitee. Mucsi v. Graoch Assocs. Ltd. P'ship No. 12, 144 Wash.2d 847, 855, 31 P.3d 684 (2001). So is a tenant's guest. Charlton, 46 Wash.App. at 790, 732 P.2d 1008.
A landlord has an affirmative obligation to maintain common areas in a reasonably safe condition for a tenant or her guest. Degel, 129 Wash.2d at 49, 914 P.2d 728.[1] Generally, a landlord has no duty to protect a tenant or guest from dangers that are open and obvious. See Frobig v. Gordon, 124 Wash.2d 732, 735, 881 P.2d 226 (1994) (landlord liability limited to latent defects). In limited circumstances, however, Restatement (Second) of Torts, section 343A, creates a duty to protect tenants and guests even from known or obvious dangers. Tincani v. Inland Empire Zoological Soc'y, 124 Wash.2d 121, 139, 875 P.2d 621 (1994); RESTATEMENT (SECOND) OF TORTS § 343A (1965). In such cases, a duty arises if the landlord "`should anticipate the harm despite such knowledge or obviousness.'" Tincani, 124 Wash.2d at 139, 875 P.2d 621 (quoting RESTATEMENT (SECOND) OF TORTS § 343A(1)).
Sjogren argues that the trial court erred in finding the darkened stairway an "open and obvious" condition. App. Br. at 3. We agree. Sjogren was unaware that the lights on the stairs were out when she entered the building because it was not yet dark. And when she started down the stairs, she was not aware that the lights were out because the light from her daughter's apartment illuminated the area. It was only when she was halfway down the stairs that she realized the lights were out. Accordingly, an issue of material fact exists as to whether Sjogren knowingly exposed herself to the darkened stairway condition. See RESTATEMENT (SECOND) OF TORTS § 343(A), cmt. e (1965) (If a person knows the actual conditions and the dangers involved, the person is free to make an intelligent choice as to whether the advantage gained is sufficient to incur the risk.).
Sjogren also presented evidence sufficient to fit within the limited circumstances contemplated by Restatement (Second) of Torts, section 343A. This section applies to situations where:
[T]he possessor has reason to expect that the invitee's attention may be distracted, so that he [or she] will not discover what is obvious, or will forget what he [or she] has discovered, or fail to protect ... against it. Such reason may also arise where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable [person] in [that] position the advantages of doing so would outweigh the apparent risk.
*595 Tincani, 124 Wash.2d at 139, 875 P.2d 621 (citing RESTATEMENT (SECOND) OF TORTS § 343A, cmt. f (1965)) (emphasis omitted).
In Tincani, the question was whether a zoo had a duty to protect or warn a teenager about unmarked or closed trails when the trail signs were unclear as to which trails were marked. Tincani, 124 Wash.2d at 125-26, 875 P.2d 621. The teenager was seriously injured when he fell from a rock outcropping after venturing onto an unmarked but apparently open trail. Tincani, 124 Wash.2d at 126, 875 P.2d 621. The court concluded that the trial court erred when it instructed the jury that a landowner never has a duty to warn an invitee about open and apparent dangers from a natural condition. Tincani, 124 Wash.2d at 139, 875 P.2d 621.
Similarly, Sjogren first became aware of the darkened stairs, the only exit from her daughter's apartment, when she was halfway down. A reasonable juror could conclude that the landlord had reason to expect that under these circumstances, Sjogren would elect the advantages of continuing down the stairs against the apparent risks of doing so. Tincani, 124 Wash.2d at 139, 875 P.2d 621. In short, it would be error here, as it was in Tincani, to instruct that the landlord never has a duty to warn about open and apparent dangers. And the court's summary judgment in favor of Properties had the same effect; it was a ruling that Properties had no duty under any circumstances to warn of or correct the obvious danger.

I. Residential Landlord-Tenant ActDuty
Under the Restatement (Second) of Property, section 17.6, a landlord is subject to liability for physical harm to tenants and their guests caused by:
[A] dangerous condition existing before or arising after the tenant has taken possession, if he has failed to exercise reasonable care to repair the condition and the existence of the condition is in violation of:
(1) an implied warranty of habitability; or
(2) a duty created by statute or administrative regulation.
RESTATEMENT (SECOND) OF PROPERTY § 17.6 (1977).
In Lian v. Stalick, 106 Wash.App. 811, 822, 25 P.3d 467 (2001), the plaintiff was injured in a fall on obviously decrepit stairs leading to her apartment. The stairs were not in a common area of the apartment building. Division Three of this court adopted Restatement (Second) of Property, section 17.6 (1977), and held that although the Residential Landlord-Tenant Act (RLTA) provides limited remedies for its violation, the landlord could be liable for personal injuries for violating the Act's warranty of habitability or a duty created by statute or regulation.
Sjogren urges us to adopt section 17.6 also. We decline to do so for several reasons. First, the dangerous condition in Lian was not in a common area. Thus, the landlord's common law duty to maintain common areas in reasonably safe condition did not apply. Here, it does; the stairway was a common area. Second, the decrepit stairs in Lian were well known to both the landlord and tenant. Because of this, the tenant had to meet the landlord's defense that the stairs were an obvious dangerous condition. Here, there is at least an issue of fact as to whether the darkened stairs were an obvious danger. And more importantly, Sjogren fits within the limited circumstances of Restatement (Second) of Torts, section 343A, under which an obvious danger does not automatically bar her recovery.
Reversed and remanded.
We concur: MORGAN, J., and QUINN-BRINTNALL, A.C.J.
NOTES
[1] A landlord is not liable unless he knows or should have known of the dangerous condition. This element is not at issue. Properties moved for summary judgment only on the basis that the darkened stairs were an open and obvious condition.