IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| JAMES W. BRUCE, | ) | No. 73739-2-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| HOLLAND RESIDENTIAL, LLC, a | ) | UNPUBLISHED OPINION |
| Washington Corporation, and 3850 | ) | |
| KLAHANIE DRIVE SE INVESTORS, | ) | |
| LLC, a Delaware Limited Liability | ) | |
| Company, | ) | |
| | ) | |
| Respondents. | ) | FILED: August 29, 2016 |

SCHINDLER, J. — James W. Bruce was seriously injured when he slipped and fell on black ice in the parking lot of the Summerwalk at Klahanie apartment complex. Bruce appeals summary judgment dismissal of his personal injury lawsuit against the owner and the property manager of the apartment complex. Because material issues of fact preclude summary judgment, we reverse and remand for trial.

FACTS

3850 Klahanie Drive SE Investors LLC owns Summerwalk at Klahanie (Summerwalk). Summerwalk is a 354-unit apartment complex in Issaquah. Holland Residential LLC manages the apartment complex.

In January 2013, Mary Humphries lived in an apartment in building 17 at Summerwalk. On January 20, Humphries' 72-year-old friend James W. Bruce spent the

night as a guest at her apartment. Because the complex has limited parking, Bruce parked his car on the street near the complex.

At approximately 5:20 a.m. the next morning, Bruce left Humphries' apartment to play racquetball. The weather was "cold and very foggy." Bruce walked 25 to 30 feet across the Summerwalk parking lot and up a grassy slope to reach his car.

Bruce decided to return to Humphries' apartment to tell her she "may want to leave early for work due to the fog." Bruce walked down the grassy slope toward the parking lot.

A five-and-one-half-inch-high curb is located between the end of the slope and the surface of the asphalt parking lot. As Bruce stepped off the curb onto the Summerwalk parking lot, his front foot "slipped forward very quickly" causing him to fall backward and hit the edge of the curb. Bruce called Humphries on his cell phone. Bruce told Humphries he had fallen and needed help. Humphries called paramedics. Bruce suffered serious injuries from the fall.

Bruce filed a personal injury lawsuit against 3850 Klahanie Drive SE Investors LLC and Holland Residential LLC (collectively, Holland Residential). Bruce alleged Holland Residential was negligent in failing to (1) "adequately de-ice the parking lot or otherwise make it safe for normal use by tenants and/or guests" and (2) install "designated pedestrian walkways" in the parking lot and on the grassy slope. Holland Residential filed an answer and asserted a number of affirmative defenses including assumption of the risk.

Holland Residential filed a motion for summary judgment dismissal of the lawsuit. Holland Residential argued it had no duty to "engage in preventative de-icing measures." Holland Residential also argued there was no evidence of ice in the parking

2

lot. And even if there was "black ice" in the parking lot, Holland Residential asserted there was no evidence the condition existed "long enough for it to have reasonably been discovered and cured by maintenance staff." In addition, Holland Residential claimed assumption of the risk barred his claims.

In support of summary judgment, Holland Residential submitted excerpts from deposition testimony, photos of the Summerwalk parking lot, and weather reports from Seattle-Tacoma International Airport for January 2013. The weather report states there was no precipitation at Seattle-Tacoma International Airport on January 21.

In opposition, Bruce argued Holland Residential owed a duty to him as an invitee. Bruce asserted there were genuine issues of material fact as to whether the ice from freezing fog created a dangerous condition, whether Holland Residential had notice of that condition, and whether Holland Residential failed to exercise reasonable care. Bruce also argued there were material issues of fact on assumption of the risk.

In support, Bruce submitted a number of declarations including the declaration of Humphries, forensic meteorologist Phil Breuser, snow and ice removal company owner and Chief Executive Officer (CEO) David Wescott, and "human factors and safety and risk management" expert Dr. Richard T. Gill. Bruce also submitted excerpts from his deposition and the deposition of Summerwalk property manager Tori Larson, Summerwalk maintenance manager Jonathan Paterson, and Summerwalk groundskeeper Howard Sand.

In reply, Holland Residential submitted the declaration and report of Certified Consulting Meteorologist Michael Witiw. In his report, Witiw states that a "white or milky and opaque granular deposit of ice" called "rime" "may have been deposited" in the

3

Summerwalk parking lot on January 21, 2013.[1] But Witiw states that "[d]ue to the patchy nature of fog, . . . it is also equally possible that no rime was deposited or that it formed only on grassy and soil areas, metal surfaces, and roof tops."

The court ruled as a matter of law that Holland Residential did not owe a duty to Bruce and dismissed the lawsuit.

## ANALYSIS

Bruce argues the trial court erred in granting summary judgment dismissal of his lawsuit. Bruce contends that under premises liability law, Holland Residential owed him a duty of reasonable care as an invitee, and material issues of fact preclude summary judgment.

We review summary judgment de novo, engaging in the same inquiry as the trial court. Kruse v. Hemp, 121 Wn.2d 715, 722, 853 P.2d 1373 (1993). Summary judgment is appropriate if the pleadings, depositions, and affidavits show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); Degel v. Majestic Mobile Manor, Inc., 129 Wn.2d 43, 48, 914 P.2d 728 (1996). We view the evidence and all reasonable inferences from the evidence in the light most favorable to the nonmoving party. Keck v. Collins, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015).

The moving party on summary judgment bears the initial burden of showing the absence of an issue of material fact. Young v. Key Pharm., Inc., 112 Wn.2d 216, 234, 770 P.2d 182 (1989). If the defendant shows there is no evidence to support the plaintiff's claim, the burden then shifts to the plaintiff to present evidence sufficient to show there are material facts in dispute. Atherton Cond. Apartment-Owners Ass'n Bd.

---

[1] Emphasis omitted.

of Dirs. v. Blume Dev. Co., 115 Wn.2d 506, 516, 799 P.2d 250 (1990). "A material fact is one upon which the outcome of the litigation depends in whole or in part." Atherton, 115 Wn.2d at 516. Summary judgment is appropriate only if reasonable persons could reach but one conclusion from all the evidence. Vallandigham v. Clover Park Sch. Dist. No. 400, 154 Wn.2d 16, 26, 109 P.3d 805 (2005). " '[A]n expert opinion on an "ultimate issue of fact" is sufficient to defeat a motion for summary judgment.' " Xiao Ping Chen v. City of Seattle, 153 Wn. App. 890, 910, 223 P.3d 1230 (2009)[2] (quoting Eriks v. Denver, 118 Wn.2d 451, 457, 824 P.2d 1207 (1992)).

To establish negligence, Bruce must show " '(1) the existence of a duty owed, (2) breach of that duty, (3) a resulting injury, and (4) a proximate cause between the breach and the injury.' " Iwai v. State, 129 Wn.2d 84, 96, 915 P.2d 1089 (1996) (quoting Tincani v. Inland Empire Zoological Soc'y, 124 Wn.2d 121, 127-28, 875 P.2d 621 (1994)).

The parties dispute the duty Holland Residential owed to Bruce. The existence of a duty is a question of law we review de novo. Washburn v. City of Fed. Way, 178 Wn.2d 732, 753, 310 P.3d 1275 (2013). There is no dispute 3850 Klahanie Drive SE Investors LLC owns the Summerwalk complex, Holland Residential LLC manages the complex, and Bruce was an invitee. See Sjogren v. Props. of Pac. Nw., LLC, 118 Wn. App. 144, 148, 75 P.3d 592 (2003); Mucsi v. Graoch Assocs. Ltd. P'ship No. 12, 144 Wn.2d 847, 855, 31 P.3d 684 (2001). Nonetheless, Holland Residential relies on Laguna v. State, 146 Wn. App. 260, 192 P.3d 374 (2008), to argue there is no preemptive duty to deice the parking lot.

---

[2] Emphasis omitted, alteration in original.

Holland Residential's reliance on Laguna is without merit.[3] The duty the State owes to the public to "build and maintain its roadways in a condition that is reasonably safe for ordinary travel" has no application to the duty a landowner owes to an invitee. Keller v. City of Spokane, 146 Wn.2d 237, 249, 44 P.3d 845 (2002). In Laguna, the court addressed whether the State had a duty to "use anti-icing chemicals to prevent ice from forming" on roadways when the formation of ice was foreseeable. Laguna, 146 Wn. App. at 263-64. We held the State had no duty to apply deicing chemicals preemptively to prevent the formation of ice. Laguna, 146 Wn. App. at 264-65.

Our Supreme Court defined the scope of the duty a landowner owes to an invitee in Iwai, 129 Wn.2d at 93-94, using the Restatement (Second) of Torts sections 343 and 343A (1965).

Restatement (Second) of Torts section 343 states:

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
    (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
    (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
    (c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts section 343A states:

(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

---

[3] We also note the trial court appears to have erroneously relied on case law interpreting Washington's recreational land use statute, RCW 4.24.210. See Jewels v. City of Bellingham, 183 Wn.2d 388, 390-91, 353 P.3d 204 (2015).

A landowner has a duty to maintain common areas in a reasonably safe condition for tenants and guests. Degel, 129 Wn.2d at 49. To prevail on a premises liability claim against a landowner, the plaintiff must prove (1) the landowner had actual or constructive notice of the danger and (2) failed "to exercise sensible care in alleviating the situation." Mucsi, 144 Wn.2d at 859; Iwai, 129 Wn.2d at 96; Ingersoll v. DeBartolo, Inc., 123 Wn.2d 649, 652, 869 P.2d 1014 (1994).

Constructive notice arises where the condition " 'has existed for such time as would have afforded [the proprietor] sufficient opportunity, in the exercise of ordinary care, to have made a proper inspection of the premises and to have removed the danger.' " Ingersoll, 123 Wn.2d at 652[4] (quoting Smith v. Manning's, Inc., 13 Wn.2d 573, 580, 126 P.2d 44 (1942)); see also Wiltse v. Albertson's Inc., 116 Wn.2d 452, 459, 805 P.2d 793 (1991) (constructive notice will be inferred if the condition exists long enough for a person exercising ordinary care to discover it).

Whether a condition "existed long enough so that it would have been discovered by an owner exercising reasonable care" is generally a question of fact. Fredrickson v. Bertolino's Tacoma, Inc., 131 Wn. App. 183, 189, 127 P.3d 5 (2005); Morton v. Lee, 75 Wn.2d 393, 397, 450 P.2d 957 (1969). Breach of duty and proximate cause are generally questions of fact for the jury. Hertog v. City of Seattle, 138 Wn.2d 265, 275, 979 P.2d 400 (1999); Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc., 162 Wn.2d 59, 83, 170 P.3d 10 (2007).

Holland Residential asserts Bruce did not present evidence that it knew or should have known of a dangerous condition in the parking lot. Holland Residential claims it had no duty to protect an invitee from "rime or microscopic ice accumulations." Bruce

---

[4] Alteration in original.

asserts there was clear black ice deposited by freezing fog, not rime or microscopic ice accumulations.

Viewed in the light most favorable to Bruce, there are genuine issues of material fact as to whether black ice created a dangerous condition, whether Holland Residential had constructive notice, and whether Holland Residential failed to exercise reasonable care in addressing the danger.

Forensic meteorologist Breuser testified that freezing fog created ice accumulation or black ice, not rime, on the Summerwalk parking lot. Breuser testified the Summerwalk parking lot "was covered with ice from freezing fog and was slippery" for two days prior to Bruce's fall, and the slippery conditions on those days "would likely have been detectable by a person who conducted an inspection of the parking lot."

> In my opinion, on a more probable than not basis and to a reasonable degree of meteorological certainty, the parking lot at Summerwalk was covered with ice from freezing fog and was slippery in the early morning hours of Saturday, January 19th, 2013 and continuing for approximately 23 out of 24 hours on Sunday the 20th, and for all of Monday the 21st. . . . The slippery conditions on those days would likely have been detectable by a person who conducted an inspection of the parking lot with the purpose of determining whether or not ice and slippery conditions existed.

According to Humphries, the parking lot was "coated with ice and slick" at the time Bruce fell, and "[t]he ice was clear, so the asphalt was black even though it was covered in ice."

> Based upon my own observations of walking outside my apartment immediately after [Bruce] called me and also based upon seeing the paramedics slipping when loading [Bruce] into the ambulance, there is no question that the asphalt parking lot was coated with ice and slick.

Humphries states that there was "no de-icer down on either the sidewalk outside my apartment or on the asphalt parking area."

8

Summerwalk maintenance manager Paterson testified Summerwalk had 30 bags of "Road Runner," a calcium chloride deicer. Summerwalk groundskeeper Sand testified that most of the deicer was used for the "lower parts" of the Summerwalk complex. Sand stated that during January 2013, he never spread deicer in the parking lot near building 17.

CEO Wescott is the owner of a company that provides deicing services at commercial and residential sites throughout the Seattle area. In his declaration, Wescott states Road Runner deicer "does a good job of melting ice from freezing fog," and the "bright colors" of the product "provide a high level of safety and visibility for pedestrian precaution because they alert a pedestrian about icy conditions." In Wescott's opinion, "application of Roadrunner [sic] deicer at Summerwalk would have prevented Mr. Bruce's fall."

There are also material issues of fact as to whether the lack of pedestrian walkways was a dangerous condition. In his declaration, safety and risk management expert Dr. Gill states the "failure to have a designated pedestrian walkway across the slope, failure to provide a horizontal landing area for persons stepping off the grassy slope, [and] failure to have handrails or other protective measures for persons exiting the grassy slope" created a dangerous condition that caused Bruce's fall.

Holland Residential contends that as a matter of law, assumption of the risk bars the premises liability claim because Bruce voluntarily encountered the risk posed by ice in the parking lot. Bruce argues there are material issues of fact on assumption of the risk.

The doctrine of assumption of the risk "relieve[s] the defendant of a duty to the plaintiff regarding specific known risks." Kirk v. Wash. State Univ., 109 Wn.2d 448, 453,

9

746 P.2d 285 (1987); Gregoire v. City of Oak Harbor, 170 Wn.2d 628, 636, 244 P.3d 924 (2010). To establish assumption of the risk, "[t]he evidence must show the plaintiff (1) had full subjective understanding (2) of the presence and nature of the specific risk, and (3) voluntarily chose to encounter the risk." Kirk, 109 Wn.2d at 453. "Knowledge and voluntariness are questions of fact for the jury, except when reasonable minds could not differ." Wirtz v. Gillogly, 152 Wn. App. 1, 8, 216 P.3d 416 (2009); Erie v. White, 92 Wn. App. 297, 303, 966 P.2d 342 (1998).

When viewed in the light most favorable to Bruce, the evidence shows he was not aware of the ice in the Summerwalk parking lot and did not voluntarily encounter the risk posed by the ice. Bruce testified he "didn't notice" the ice in the parking lot and "didn't realize how dangerous it was" until he "hit the deck."

We reverse summary judgment dismissal of the lawsuit against Holland Residential and remand for trial.

Schindler, J.

WE CONCUR:

Trickey, ACJ

Spearman, J.

10