# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| ANN CHAUDHRY and MUHAMMAD CHAUDHRY, a married couple, | No.  58179-5-II |
| Appellants, | |
| v. | |
| TYSON D. DAY and "DOE" DAY, individually and in their marital community, | PUBLISHED OPINION |
| Respondents. | |

LEE, J. — Ann and Muhammad Chaudhry (collectively the Chaudhrys)[1] appeal the superior court's order granting summary judgment in favor of Tyson Day and dismissing their claims for nuisance, negligence, and infliction of emotional distress.  Because Day owed no duty to the Chaudhrys, the superior court did not err by granting summary judgment and dismissing the Chaudhrys' complaint.  Accordingly, we affirm.

## FACTS

The Chaudhrys and Day are neighbors on adjoining parcels of property.  In October 2019, large limbs or branches allegedly broke off Day's tree, falling onto the roof of the Chaudhrys' home and damaging it.

---

[1] When referred to individually, Ann and Muhammad are referred to by their first names for clarity.  We intend no disrespect.

No. 58179-5-II

On February 21, 2020, the Chaudhrys filed a complaint against Day alleging claims for "private nuisance" under chapter 7.48 RCW,[2] negligence, and emotional distress. Clerk's Papers (CP) at 5. The complaint was based on allegations that Day had failed to remove the tree on his property, which created a hazard to the Chaudhrys' house and caused large limbs to fall from the tree and damage the Chaudhrys' house. The Chaudhrys sought a warrant of abatement as relief for the nuisance claim. The Chaudhrys also sought monetary damages for their negligence and emotional distress claims.

In February 2023, Day filed a motion for summary judgment. The Chaudhrys filed a response to Day's motion for summary judgment and included the following evidence relevant to the discussion below: a 2021 report from Washington Forestry Consultants, Inc. and a declaration from Ann. Ann's declaration stated:

> From the first moment that I was aware that Defendant was the new "purchaser" I introduced ourselves (I and Muhammad) and verbally informed him about the dangerous tree, the trunk of which is on his property, out-growing its location (at the joining corners of 4 properties: ours, his, and a neighbor behind us and a neighbor behind him), let alone damaging, pushing, displacing the chain link fencing around our property (2420 Angela).
> That was followed by numerous verbal communications and numerous hand-written notes that the dangerous tree needed to be removed and even offering free access through our backyard to remove the dangerous tree.
>
> . . . .

---

[2] RCW 7.48.010 defines an actionable nuisance as:

> The obstruction of any highway or the closing of the channel of any stream used for boating or rafting logs, lumber or timber, or whatever is injurious to health or indecent or offensive to the senses, or an obstruction to the free use of property, so as to essentially interfere with the comfortable enjoyment of the life and property, is a nuisance and the subject of an action for damages and other and further relief.

2

> My Attorneys sent letter/s putting him on further and additional Notice about the dangerous tree and that it must be removed or legal suit could be pursued.

CP at 362. Other than a general statement that the tree was "out-growing its location," there is no record that Day was informed of the basis for the Chaudhrys' claim that the tree was dangerous. CP at 362.

The report from Washington Forestry Consultants was completed in March 2021, *after* litigation had commenced. The report opined that the tree on Day's property was the type of tree certified arborists recommend not be planted in western Washington, was in "'[p]oor'" condition, and "should be removed immediately." CP at 353. The report also opined that future branch failures will be chronic and removal of the tree was the only way to mitigate the risk to the Chaudhrys' property. The report included three pictures showing the branches of the tree growing over the Chaudhrys' property. The report also included pictures identifying overextended branches, broken branches, and old branch wounds.

The superior court granted Day's motion for summary judgment and dismissed the Chaudhrys' claims for nuisance, negligence, and infliction of emotional distress with prejudice. The Chaudhrys filed a motion for reconsideration, which the superior court denied.

The Chaudhrys appeal.

ANALYSIS

The Chaudhrys argue that the superior court erred by granting summary judgment because there was a genuine issue of material fact as to whether Day had a duty to remove the tree. We disagree.

No. 58179-5-II

A.   LEGAL PRINCIPLES

We review summary judgment orders de novo. *Sartin v. Est. of McPike*, 15 Wn. App. 2d 163, 172, 475 P.3d 522 (2020), *review denied*, 196 Wn.2d 1046 (2021). Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). A genuine issue of material fact exists if reasonable minds could disagree on the conclusion of a factual issue. *Sartin*, 15 Wn. App. 2d at 172. We review all facts and reasonable inferences drawn from those facts in the light most favorable to the nonmoving party. *Id.*

The moving party "bears the initial burden to show there is no genuine issue of material fact." *Id.* A moving defendant can meet this burden by showing that the plaintiff cannot support their claim with any evidence. *Id.* The burden then "shifts to the plaintiff to present specific facts that reveal a genuine issue of material fact." *Id.* If a plaintiff fails to put forth sufficient evidence to create a genuine issue of material fact on an essential element that they will have the burden of proof at trial, then summary judgment is proper. *Id.*

Here, the Chaudhrys brought claims of nuisance under chapter 7.48 RCW, negligence, and infliction of emotional distress. An actionable nuisance under chapter 7.48 RCW includes "an obstruction to the free use of property, so as to essentially interfere with the comfortable enjoyment of the life and property." RCW 7.48.010. To establish a nuisance, there must be a substantial and unreasonable interference with the use and enjoyment of the property of another. *Kitsap County v. Kitsap Rifle & Revolver Club*, 184 Wn. App. 252, 276, 337 P.3d 328 (2014), *review denied*, 183 Wn.2d 1008 (2015). However, "where the alleged nuisance is the result of the defendant's alleged

4

negligent conduct, rules of negligence are applied." *Atherton Condo. Apt.-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co.*, 115 Wn.2d 506, 527-28, 799 P.2d 250 (1990).

To establish a claim for negligence, a plaintiff must prove four elements: (1) the existence of a duty, (2) breach of that duty, (3) resulting injury, and (4) proximate cause. *Sjogren v. Props. of Pac. Nw., LLC*, 118 Wn. App. 144, 148, 75 P.3d 592 (2003). "The existence of a legal duty is generally a question of law." *Id.* However, where the existence of a duty depends on proving specific facts, which are disputed, summary judgment is inappropriate. *Id.*

Finally, to prevail on a claim of infliction of emotional distress,[3] a plaintiff must establish a claim for either intentional infliction of emotional distress or negligent infliction of emotional distress. To establish a claim for intentional infliction of emotional distress, a plaintiff must show extreme and outrageous conduct, intentional or reckless infliction of emotional distress, and that the plaintiff actually suffers severe emotional distress. *Kloepfel v. Bokor*, 149 Wn.2d 192, 195, 66 P.3d 630 (2003). Extreme and outrageous conduct must be conduct that is "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Grange Ins. Ass'n v. Roberts*, 179 Wn. App. 739, 754, 320 P.3d 77 (2013) (internal quotation marks omitted) (quoting *Reid v. Pierce County*, 136 Wn.2d 195, 202, 961 P.2d 333 (1998)), *review denied*, 180 Wn.2d

---

[3] The Chaudhrys' claims and arguments regarding emotional distress are convoluted. The Chaudhrys' complaint states a cause of action for only intentional infliction of emotional distress, but they included a request for relief for both intentional *and* negligent infliction of emotional distress. And the Chaudhrys' brief appears to only address their claim for intentional infliction of emotional distress as they argue that because of the allegedly willful nature of Day's inaction, they are entitled to emotional damages under their nuisance and negligence claims. Regardless, we address both as the existence of a duty determines both claims.

1026 (2014). And for negligent inflictio of emotional distress, "[a] plaintiff may recover for negligent infliction of emotional distress if [they prove] duty, breach, proximate cause, damage, and 'objective symptomatology.'" *Kumar v. Gate Gourmet, Inc.*, 180 Wn.2d 481, 505, 325 P.3d 193 (2014) (quoting *Strong v. Terrell*, 147 Wn. App. 376, 387, 195 P.3d 977 (2008), *review denied*, 165 Wn.2d 1051 (2009)).

B.      DUTY TO REMOVE THE TREE

The Chaudhrys argue that the superior court erred by granting summary judgment because there was a genuine issue of material fact as to whether Day had actual or constructive notice that the tree was defective. Specifically, the Chaudhrys argue that the photographs contained in the 2021 Washington Forestry Consultants report and the Chaudhrys' repeated notifications to Day establish a genuine issue of material fact as to Day's notice that the tree was defective. We disagree.

"[O]ne whose land is located in or adjacent to an urban or residential area and who has actual or constructive knowledge of defects affecting his trees has a duty to take corrective action." *Lewis v. Krussell*, 101 Wn. App. 178, 187, 2 P.3d 486, *review denied*, 142 Wn.2d 1023 (2000).[4]

---

[4] The opinion in *Lewis* clearly establishes the duty articulated in this opinion—specifically, that a property owner/possessor who has actual or constructive knowledge of defects affecting trees on their property has a duty to take corrective action. *Lewis*, 101 Wn. App. at 187. However, *Lewis* then goes on to analyze whether there was a breach of the duty because the property owner did not have notice of any defect in the tree. *Id.* at 187-89. We depart from *Lewis'* apparent conflation of duty and breach of duty because actual or constructive notice of the defect is an essential element of establishing the existence of a duty. The appropriate analysis is whether Day had a duty to take corrective action based on having actual or constructive notice of a defective condition regarding the tree. If Day had no actual or constructive notice of a defective condition regarding the tree, then Day had no duty to take any corrective action.

Although the existence of this duty is a question of law, whether there is actual or constructive notice of a defect giving rise to the duty is a question of fact. *See id.*; *Sjogren*, 118 Wn. App. at 148.

Absent actual or constructive notice of a defect in the tree, "an owner/possessor does not have a duty to remove healthy trees merely because the wind might knock them down." *Lewis*, 101 Wn. App. at 187; *see also Albin v. Nat. Bank of Com. of Seattle*, 60 Wn.2d 745, 748, 375 P.2d 487 (1962) (holding that county was not liable for injury resulting from tree falling on road when there "is no evidence that the county had actual notice that the tree which fell was any more dangerous than any one of the thousands of trees which line our mountain roads, and no circumstances from which constructive notice might be inferred"). It is insufficient to show that it is foreseeable that a windstorm could knock down a tree; instead, there must be some defect in the tree such as rot or decay. *Lewis*, 101 Wn. App. at 187-88.

Here, the basis of the Chaudhrys' claims is that a branch from the tree on Day's property fell on their house and caused damage in October 2019. There is no evidence in the record about the condition of the branch that allegedly fell on the Chaudhrys' roof. Despite the Chaudhrys' general claim that the tree was dangerous, the Chaudhrys have failed to present any evidence that there was a specific defect such as rot or decay that made the tree branch that fell more dangerous or more likely to fall than any other tree branch. Accordingly, there is no genuine issue of material fact regarding Day's duty to take corrective action regarding the tree branch that allegedly fell on the Chaudhrys' house.

The Chaudhrys contend that the 2021 Washington Forestry Consultants report and the Chaudhrys' repeated complaints establish that Day had notice that his tree was defective. As an initial matter, the 2021 Washington Forestry Consultants report does not establish anything about the condition of the tree in 2019—when the branch from the tree fell and damaged the Chaudhrys' property. Further, even when viewed in the light most favorable to the Chaudhrys, the evidence only established that the Chaudhrys regularly complained about the tree; there is no evidence that the Chaudhrys notified Day of a specific defect in the tree besides their subjective belief that the tree was a danger to their property because the branches were overhanging their property and creating a risk of branches falling on their property. *See Lewis*, 101 Wn. App. at 188 ("Although the evidence indicates that the [defendants] were aware of [the plaintiffs'] general concern that the trees swayed in the wind and could hit their house and that other trees had fallen in the area in previous years, this did not put [the defendant] on actual or constructive notice of a defect requiring removal of the trees.").

There is no evidence in the record that Day had actual or constructive notice in October 2019 of a defect in the tree or the tree branches that required corrective action. Therefore, Day had no duty as a matter of law. Further, because the Chaudhrys' nuisance claim was based on Day's alleged negligence in failing to prevent defective tree branches from falling on the Chaudhrys' home, the nuisance claim also fails.[5] And because the Chaudhrys have failed to establish that Day had notice of defects in the tree or branches that required corrective action, the Chaudhrys cannot establish that Day's failure to take corrective action was extreme and outrageous conduct that would create a genuine issue of material of fact as to the Chaudhrys' intentional infliction of emotional distress claim or that Day owed them a duty that would support their negligent infliction of emotional distress claim. Accordingly, we affirm.

Lee, J.

We concur:

Glasgow, J.

Cruser, C.J.

---

[5] In the Chaudhrys' nuisance claim, they "ask the remand include direction to issue an order for injunctive relief." Br. of Appellant at 9. However, the Chaudhrys make no argument and cite no authority supporting their claim for injunctive relief. *See* RAP 10.3(a)(6); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). Accordingly, we do not address their claim that they are entitled to injunctive relief.