**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| PAUL A. GOETSCH, | No. 59348-3-II |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| DAVID ALLEN,[†] | |
| Respondent. | |

CHE, J. — Paul Goetsch appeals the trial court's grant of summary judgment in favor of David Allen.

While working as an electrician on Allen's property, Goetsch fell down a steep hill leading to the worksite. Goetsch injured his bicep and sued Allen for negligence. Allen moved for summary judgment on the grounds that the hill was not a dangerous condition. Allen claimed that even if it was a dangerous condition, the hill was open and obvious such that Allen owed no duty of care to Goetsch despite Goetsch's status as an invitee on Allen's property. The trial court granted summary judgment.

On appeal, Goetsch argues there are genuine issues of material fact regarding whether the hill was a dangerous condition and whether Allen owed and breached a duty to Goetsch.

---

[†] On appeal, the respondent is inaccurately captioned as "Paul" Allen in the parties' briefs.

We hold there are genuine issues of material fact regarding whether the hill constituted a dangerous condition and whether Allen owed Goetsch a duty of care. We reverse the summary judgment order and remand to the trial court for further proceedings consistent with this opinion.

FACTS

Allen hired Goetsch, an electrician, to perform electrical work in the crawl space of a pool house on Allen's property. Allen's pool house is situated on a hill. The door to the crawl space is at the bottom of the hill and is only accessible from the exterior of the pool house.

Goetsch initially visited Allen's property to determine the scope of the job, and Allen led Goetsch down the hill to the crawl space door. According to Goetsch, the hill was steeper than it looked. Goetsch further described the hill as "bare, dry, [and] [without] much vegetation," and that the soil was "a little bit loose on top." Clerk's Papers (CP) at 28, 30. Goetsch recalled that during the initial visit, he and Allen both commented that the hill was difficult to descend. Later, Allen denied having difficulty traversing the hill during that visit and he did not notice Goetsch having any difficulty.

When Goetsch returned to Allen's property to begin working on the electrical system, Goetsch needed to carry a heavy drill down to the crawl space. The drill was heavy enough that Goetsch had to use both hands to carry it as he descended the hill. Goetsch took "baby steps" to maintain a safe speed while descending the hill because, "there was nothing to put [his] feet against." CP at 30.

Due to the steep terrain and added weight of the drill, Goetsch was unable to maintain a safe speed down the hill to the crawlspace. His steps quickened, and he lost control. Goetsch reached for the crawl space door to stop himself, but his "body weight kept going," and he "went

into a summersault . . . and ended up on [his] back about 4 or 5 feet below the [pool] house." CP at 31. Goetsch laid there for a few minutes, got up, and went home after notifying Allen that he could not continue his work unless Allen built steps to the work area. Allen always planned to install stairs into the hill.

Later, Goetsch returned to complete the work and through his own exploration of the property, he learned of an alternative route to the crawl space door. The alternative route was longer, requiring Goetsch to walk around the pool house and across the backyard without descending the hill. Allen did not show Goetsch the alternative path to access the crawl space.

Approximately a month later, Goetsch sought medical attention and learned he tore his bicep.

Goetsch filed a negligence suit against Allen. Goetsch claimed that Allen owed him a duty of care and that Allen breached that duty by failing to exercise reasonable care to protect Goetsch from the danger posed by the hill.

Allen moved for summary judgment. In his motion, Allen argued that the hill was not dangerous, and that even if it were, the condition of the hill was open and obvious. Allen also argues that because the condition of the hill was open and obvious, he did not owe Goetsch a duty of care despite Goetsch's status as an invitee.

In response, Goetsch argued that the hill was dangerous and that he had to encounter the hill to complete the job. Goetsch contended there was a genuine issue of material fact regarding whether Allen should have expected some harm to Goetsch when he encountered the hill.

3

In his reply, Allen argued that Goetsch failed to present evidence that the hill was dangerous or that Goetsch needed to encounter the danger to complete his work. The trial court granted summary judgment in favor of Allen.

Goetsch appeals.

## ANALYSIS

### I. SUMMARY JUDGMENT

Goetsch argues there are genuine issues of material fact as to whether the hill constituted a dangerous condition and whether the exception for open and obvious conditions applies. We agree genuine issues of material fact exist that preclude summary judgment.

A.  *Standard of Review*

We review a trial court's decision on summary judgment de novo. *Galassi v. Lowe's Home Ctrs, LLC*, 27 Wn. App. 2d 593, 597, 534 P.3d 354 (2023). Summary judgment is appropriate only if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. CR 56(c); *Galassi*, 27 Wn. App. 2d at 597.

A genuine issue of material fact exists where reasonable minds could draw different conclusions on the same factual issue. *Ghodsee v. City of Kent*, 21 Wn. App. 2d 762, 768, 508 P.3d 193 (2022), *review granted*, 1 Wn.3d 1001 (2023). We consider the facts and inferences from the facts in the light most favorable to the nonmoving party. *Haley v. Amazon.com Servs., LLC*, 25 Wn. App. 2d 207, 220, 522 P.3d 80 (2022).

When a party moves for summary judgment, it bears the burden of demonstrating that no genuine issue of material fact exists. *Kosovan v. Omni Ins. Co.*, 19 Wn. App. 2d 668, 679, 496 P.3d 347 (2021). If the moving party does not satisfy its initial burden of proof, summary

judgment should be denied. *Welch v. Brand Insulations, Inc.*, 27 Wn. App. 2d 110, 115, 531 P.3d 265 (2023). If the moving party makes that showing, the burden shifts to the nonmoving party who must "'set forth specific facts evidencing a genuine issue of material fact for trial.'" *Id.* (quoting *Schaaf v. Highfield*, 127 Wn.2d 17, 21, 896 P.2d 665 (1995)).

B.      *Genuine Issues of Material Fact Exist Precluding Summary Judgment*

        1. *Dangerous Condition*

Goetsch argues there is a genuine issue of material fact as to whether the hill constituted a dangerous condition. Goetsch cites to both his and Allen's difficulty descending the hill and that the general steepness of the hill made it a dangerous condition, which created genuine issues of material fact. We agree with Goetsch.

In premises liability cases, the duty a property owner owes to an entrant depends on the entrant's status as either a trespasser, licensee, or invitee. *Afoa v. Port of Seattle*, 176 Wn.2d 460, 467, 296 P.3d 800 (2013). Generally, a landowner owes invitees a duty of care, which is an affirmative obligation to make the land safe for invitees. *Tincani v. Inland Empire Zoological Soc.*, 124 Wn.2d 121, 138, 875 P.2d 621 (1994). A landowner is liable for physical harm to their invitees caused by a dangerous condition on the land only if the landowner:

> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> (c) fails to exercise reasonable care to protect them against the danger.

RESTATEMENT (SECOND) OF TORTS § 343. A condition is considered dangerous if it poses an unreasonable risk of harm. *Schwartz v. King County*, 200 Wn.2d 231, 240, 516 P.3d 360 (2022).

Generally, whether a condition is dangerous is a question of fact. *Owen v. Burlington N. & Santa Fe R.R. Co.*, 153 Wn.2d 780, 788, 108 P.3d 1220 (2005).

Here, the parties do not dispute that Goetsch held the status of business invitee while on Allen's property. Goetsch submits that Allen owed him a duty of care because Allen knew the hill was dangerous given that he previously planned to install steps into the hill. It is undisputed that, prior to Goetsch's incident, Allen had planned to install steps into the hill. A reasonable inference based upon these facts is that Allen had knowledge of some risk of harm posed by the hill.[1]

In *Williamson v. Allied Grp., Inc.*, the defendant argued there was no evidence suggesting a hill constituted a dangerous condition. 117 Wn. App. 451, 459, 72 P.3d 230 (2003). Division One of this court held that the plaintiff's testimony describing the hill was sufficient to show a genuine issue of material fact existed so as to preclude summary judgment. *Id.* at 460-61. It reasoned, "A jury could find, from [plaintiff's] testimony in her deposition, that the . . . route was steep, slippery, crumbly, and sufficiently dotted with rocks to cause anxiety and uncertainty in one descending it." *Id.*

Similarly, Goetsch testified that the soil of the hill was "a little bit loose on top," lacked vegetation, and was steep, such that he had to take "baby steps" because "there was nothing to

---

[1] Under ER 407, a party may not introduce evidence of subsequent remedial measures to prove negligence or culpable conduct. Here, we consider Allen's prior plan to install steps into the hill because it speaks to Allen's knowledge of the condition of the hill prior to Goetsch's incident. We do not consider any remedial action taken *after* the incident. ER 407; *see also Helmbreck v. McPhee*, 15 Wn. App. 2d 41, 55, 476 P.3d 589 (2020) (Generally, remedial measures taken after an event are properly excluded under ER 407).

put [his] feet against." CP at 30, 32. Goetsch also testified that both he and Allen had difficulty making the descent when Goetsch initially surveyed the job.

Taking the facts and reasonable inferences in the light most favorable to Goetsch, reasonable minds could draw different conclusions on the factual issue of whether the hill posed an unreasonable risk of harm and therefore constituted a dangerous condition. This creates a genuine issue of material fact and Allen was not entitled to summary judgment on this issue.

2. *Exception to an Open and Obvious Danger*

Goetsch contends Allen owed him a duty of care despite the obviousness of the hill being a dangerous condition because an exception to the open and obvious rule applies.[2] Specifically, Goetsch maintains Allen should have anticipated that Goetsch would proceed to encounter the hill because the advantages of Goetsch encountering the hill outweighed the apparent risks. Allen argues the hill is an open and obvious danger, so he owes Goetsch no duty of care. We agree with Goetsch.

Landowners typically have no duty to protect invitees from open and obvious dangers. *Sjogren v. Props. of Pac. Nw., LLC*, 118 Wn. App. 144, 148-49, 75 P.3d 592 (2003). But in limited circumstances, landowners have a duty to protect invitees even from known or obvious dangers. RESTATEMENT (SECOND) OF TORTS § 343A; *see also Mihaila v. Troth*, 21 Wn. App. 2d

---

[2] Goetsch submits that a genuine issue of material fact exists as to whether the danger posed by the hill was open and obvious because he did not realize the danger until he was halfway down the hill while carrying the drill. Goetsch did not appear to raise this argument below. When reviewing a grant of summary judgment, "the appellate court will consider only evidence and issues called to the attention of the trial court." RAP 9.12. *See Johnson v. Lake Cushman Maint. Co.*, 5 Wn. App. 2d 765, 780, 425 P.3d 560 (2018) ("An argument that was neither pleaded nor argued to the superior court on summary judgment cannot be raised for the first time on appeal."). Because Goetsch failed to make the argument at the trial court that the danger was not open and obvious, we decline to address this issue.

227, 233, 505 P.3d 163 (2022). Whether a dangerous condition is open and obvious is a question of fact. *Tincani*, 124 Wn. 2d at 135.

A landowner owes a duty of reasonable care to protect invitees from known or obvious dangers when the possessor has reason to (1) expect that an invitees' attention may be distracted, such that the invitee will not discover what is obvious or will forget what the invitee has discovered, or fail to protect against it, and (2) anticipate that an invitee will choose to encounter the risk because, to a reasonable person in the position of the invitee, the advantages outweigh the apparent risk. *Tincani*, 124 Wn. 2d at 139; *see also Mucsi v. Graoch Assocs. Ltd. P'ship No. 12*, 144 Wn.2d 847, 860, 31 P.3d 684 (2001). In such cases, a duty exists when the landowner "should anticipate the harm despite such knowledge or obviousness." RESTATEMENT (SECOND) OF TORTS § 343A(1). Whether the defendant owes a duty to the plaintiff is a question of law. *Tincani*, 124 Wn. 2d at 128.

Here, the parties did not appear to dispute at the trial court that the hill was an open and obvious danger. Thus, the question becomes whether the landowner, Allen, owed a duty of reasonable care to protect his invitee, Goetsch, from known and obvious dangers.

In *Mihaila*, homeowners hired a contractor to perform roofing work on their property. *Mihaila*, 21 Wn. App. 2d at 230. To perform his job, the contractor had no choice but to encounter a grounding rod that stuck out of the ground, and he subsequently fell off a ladder and impaled himself on the rod. *Id.* at 230. This court inferred that the homeowners had reason to expect the contractor would proceed to encounter the open and obvious danger because to the contractor, the advantages of encountering it and getting paid, outweighed the apparent risks. *Id.* at 236. This court held that summary judgment was inappropriate because a genuine issue of

material fact existed regarding "whether the [homeowners] should have anticipated some harm even though the danger the grounding rod presented was known and obvious." *Id.* at 236-37.

We find *Mihaila* persuasive. Similar to *Mihaila*, when we consider the facts in the light most favorable to Goetsch, we can reasonably infer that Allen had reason to expect Goetsch would choose to encounter the presumed danger posed by the hill because Goetsch wanted to finish the job and get paid. *Id.* at 236. Goetsch believed he had to descend the hill to access the crawl space because Allen did not show or inform Goetsch of any alternative means to access the work space.

Furthermore, like the homeowners in *Mihaila*, Allen had reason to anticipate that to Goetsch the advantages of completing the electrical job and getting paid outweighed the apparent risk of the descending the hill because Allen hired Goetsch for this very job. Thus, we conclude that genuine issues of material fact exist whether Allen should have anticipated some harm to Goetsch even though the hill was a presumed open and obvious danger. Accordingly, Allen was not entitled to summary judgment on this issue.

## CONCLUSION

We hold there are genuine issues of material fact regarding whether the hill constituted a dangerous condition and whether Allen owed Goetsch a duty of care.

We reverse the trial court's decision granting summary judgment for Allen and remand to the trial court for proceedings consistent with this opinion.

9

No. 59348-3-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Che, J.

We concur:

Lee, J.

Veljacic, A.C.J.